# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Juan A. GUZMAN
### Machinery Technician Third Class (E-4), U.S. Coast Guard

### CGCMG 0365
### Docket No. 1461

### 2 July 2019

| | |
|---|---|
| Military Judges: | CAPT Benes Z. Aldana, USCG |
| | CAPT Matthew J. Fay, USCG |
| Appellate Defense Counsel: | LCDR Benjamin M. Robinson, USCG |
| Appellate Government Counsel: | LCDR Emily A. Rose, USCG |

### BEFORE
### McCLELLAND, BRUBAKER & MOORADIAN
Appellate Military Judges

Per curiam:

A general court-martial composed of members with enlisted representation convicted Appellant, contrary to his pleas, of one specification of making false official statements and two specifications of sexual assault (one of which the military judge conditionally dismissed), in violation of Articles 107 and 120, Uniform Code of Military Justice (UCMJ). Appellant was sentenced to confinement for four years, forfeiture of all pay and allowances, reduction to E-1, and a dishonorable discharge, which the Convening Authority approved.

Appellant raises several issues,[1] but we reach only one: whether the Staff Judge Advocate's (SJA's) advice to the Convening Authority was deficient. We conclude it was and remand for new post-trial processing.

---

[1](1) Whether the military judge abused his discretion by excluding evidence under Military Rule of Evidence 412; (2) Whether the military judge erred by failing to instruct the members that they could not convict Appellant of both of two specifications charged in the alternative; (3) Whether Appellant's convictions for sexual assault by bodily harm and sexual assault of a person incapable of consenting constitute an unreasonable multiplication of charges; (4) Whether the addendum to the Staff Judge Advocate's recommendation was deficient; (5) Whether the evidence supporting the conviction for sexual assault by bodily harm is factually insufficient; and (6) Whether the evidence

Article 60, UCMJ, previously conferred unfettered discretion on convening authorities to modify findings and sentences, so long as there was no increase in severity. Article 60(c)(1), UCMJ (1996); *United States v. Nerad*, 69 M.J. 138, 145 (C.A.A.F. 2010). That changed when Congress amended Article 60 to provide that, subject to listed exceptions, convening authorities "may not disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge." Pub.L. No. 113–66 (2013). This amendment became effective on 24 June 2014. For cases where either all offenses were committed prior to that date, or where some offenses occurred before that date and some after (known as "straddling offenses cases"), the pre-2014 version of Article 60 applies. *Id.*; Pub.L. No. 113–291 (2014).

Here, the SJA in one paragraph of her recommendation to the Convening Authority correctly noted that this was a "straddling offenses case" because Appellant was convicted of offenses occurring both before and after 24 June 2014. Thus, she continued, the Convening Authority "may take whatever action you deem appropriate on the guilty findings and/or on the sentence." (SJA's Recommendation at 3.) But in a later paragraph captioned "Limitations on Sentencing Action," she advised the Convening Authority, "Because the adjudged sentence includes confinement for more than six months and a dishonorable discharge, you may not disapprove, commute, or suspend the sentence of confinement and dishonorable discharge." (*Id.*) This was an affirmative misstatement of the law. Between the two paragraphs, the Convening Authority was provided, at best, conflicting and confusing advice.

Appellant, through counsel, noted this error in his post-trial matters. But rather than clarifying her advice to the Convening Authority, the SJA added this language to her addendum: "Upon review of these allegations, I assume, without conceding, that the matter raised . . . constitutes error; however, no corrective action on the findings or sentence is warranted. I have carefully considered the enclosed matters and other allegations of error and, in

---

supporting the conviction for sexual assault of a person incapable of consenting is factually insufficient (raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982)).

my opinion, corrective action is not warranted . . . ." (Addendum to SJA's Recommendation at 1.)

Such boilerplate language generally suffices to address allegations of error during the trial process. Rule for Courts-Martial (R.C.M.) 1106(d)(4), Manual for Courts-Martial (MCM), United States (2016 ed.); *United States v. Catrett*, 55 M.J. 400, 408 (C.A.A.F. 2001) (noting the "minimal-response requirement" of R.C.M. 1106(d)(4)). But here, the error was in the SJA's own advice; her addendum did nothing to remedy her affirmative misstatement that the Convening Authority could not modify the adjudged confinement or punitive discharge.

To be entitled to relief, Appellant must make "some colorable showing of possible prejudice" resulting from this error. *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 323–24 (C.M.A. 1997)). This is a low threshold. Appellant requested that the Convening Authority grant specific sentence relief as clemency. The Convening Authority, having been improperly advised, denied any relief. Because of the highly discretionary nature of the relief the Convening Authority could have granted, we cannot speculate as to whether the Convening Authority would have granted any relief if properly advised. We thus conclude there is a colorable showing that Appellant suffered possible prejudice from the SJA's improper advice.

## Decision

The Convening Authority's action is set aside. The record of trial is returned to the Judge Advocate General for remand to an appropriate convening authority for new post-trial processing. The record shall then be returned to this court for review under Article 66(c), UCMJ.



For the Court,

Kurt J. Brubaker
Judge